Dear Mr. Jackson:
This office is in receipt of your request for an opinion of the Attorney General to clarify Atty. Gen. Op. 99-356 in accordance with concerns of the Board of Ethics on reimbursement of attorney's fees before being exonerated in a civil lawsuit. Ms. Rawls and other members of the Bossier City Council were sued in their official and individual capacities for actual and punitive damages. With approval of the Ethics Board, Ms. Rawls had you, her son-in-law, represent her. On May 31, 2001 Ms. Rawls was completely exonerated from all claims. However, the Board of Ethics opined under A.G. Op. 99-356 that Section 1111A of the Code of Governmental Ethics "prohibited Ms. Rawls from seeking reimbursement of legal fees until such time as Ms. Rawls was exonerated from the civil actions at issue." In this regard you indicate Ms. Rawls first submitted a request for reimbursement of legal fees in defense of a suit filed against her in her individual capacity as a City Council member in December, 1999 at the direction of the City Attorney of Bossier City, which was prior to the plaintiffs' first relinquishment of claims against Ms. Rawls.
You state that the Board of Ethic's opinion "flows from an assumption that the AG's opinion prohibited the payments of fees until such time as Ms. Rawls was exonerated." However, you contend that the City of Bossier City was not prohibited from reimbursing Ms. Rawls for her legal expense, and that Atty. Gen. Op. 99-356 does not state that reimbursement is not authorized until and unless Ms. Rawls was exonerated. You relate that differences between individual members, and the City of Bossier City's defense were distinct and voluminous, and in your meeting with the City Attorney, he was of the opinion that Ms. Rawls was entitled to reimbursement immediately, as it was authorized under the Bossier City Charter. This remains his position. You further point out as follows:
 The only difference between Ms. Rawls and the other members of the City Council is that she received a bill for her defense, while the others' defense was paid for directly by the City of Bossier City. In other words, all members of the City Council were provided a defense by the city.
In this request you state as follows:
 As the Louisiana Ethics Board has postponed any final rulings in this particular matter, it is necessary the Attorney General clarify its opinion as to whether it is a violation of Louisiana law to be reimbursed during the pendency of civil litigation against an elected official of a local political subdivision when the suit arises wholly out of the elected official's duties.
As stated in Atty. Gen. Op. 99-356, no statute clearly provides for reimbursement of attorneys' fees in a civil case involving an officer of a local political subdivision. Despite this, it was observed, "However, this office has further found if the public official is exonerated in a civil action arising out of his duties of office, the public body may
reimburse its official for reasonable attorneys' fees resulting from the defense against such allegations." (Emphasis added.) The requirement for exoneration is to avoid violation of the prohibition of the Constitution relative to the donations of public funds.
Prior to Atty. Gen. Op. 99-356, this office stated in Atty. Gen. Op. 85-822, "It has been the consistent view of this office that, when a public officer expends personal funds to defend against criminal charges or civil litigation and the official is not found guilty or liable, the governing body may appropriate funds to reimburse the officer provided that the charges or claims arose from the performance of his official duties and further provided that the reimbursement can be only for reasonable attorney's fees". (Emphasis added.)
Subsequently, in Atty. Gen. Op. 00-126 this office similarly found while there is no provision of law which affords indemnification to officers and employees of political subdivisions, it has historically recognized and opined that a political subdivision may, in its discretion, pay and/or reimburse its employees and officials for reasonable attorney's fees and expenses incidental to criminal or civil investigations and/or proceedings. However, in making these observations, this office noted the payment or reimbursement is generally conditioned upon (1) the successful defense of the criminal or civil proceeding, (2) a finding that the defendant's alleged actions arose out of the performance of official duties and (3) a determination that the fees and costs were necessary and reasonable.
In Atty. Gen. Op. 01-94 this office stated that this office has consistently opined that if a public official or employee is sued for civil damages "and is found not liable and the allegation arose out of the performance of his official functions, then the public body that employs that person may, but does not have to, pay the reasonable attorneys fees and expenses that result from the defense against the suit." It was further stated that all fees incurred by the Aldermen or Mayor in their individual capacity must be borne by them personally, and are not reimbursable by the Town of Gramercy, but if in their official capacities the Town could reimburse the expenses. It was concluded the Town's reimbursement of the individual or personal legal fees incurred would be a violation of La. Const. Art. VII, Sec. 14."
In regard to your statement if local officers are treated differently than state officials with regard to reimbursement of legal fees it will set a dangerous precedent, we find it pertinent to note that in suits against an individual engaged in performance of the duties of his office or employment with the state, R.S. 13:5108.1 provides when the Attorney General has not assumed the defense, the individual is entitled to attorney fees and costs incurred when the office of risk management is served by certified mail, and "contains therein a certified copy of the final judgment reflecting the exoneration of the employee or officer".
Moreove, in Atty. Gen. Op. 97-491 this office was asked whether payment of legal fees would be in order when the Chief of Police has "private counsel" in successfully defending the suit, and would payment be in order since the plaintiff had filed a motion to overturn the jury's verdict. This office stated the Board of Aldermen may reimburse the Chief for reasonable legal expenses in defending the suit, but stated "that litigation is not successfully concluded until the time for the filing of all motions and appeals has passed."
Consistent with earlier opinions of this office, it appears Atty. Gen. Op. 99-356 properly stated that "if the public official is exonerated in a civil action arising out of his duties of office, the public may reimburse its official for reasonable attorneys' fees from the defense against such allegations." It obviously follows that payment before the conclusion of the proceedings would not be consistent with the mandate that reimbursement be only upon the official being exonerated, and that is when litigation has concluded. However, we technically disagree with the Board of Ethic's opinion that Ms. Rawls was "prohibited . . . from seeking reimbursement of legal fees until such time as Ms. Rawls was exonerated from the civil actions at issue." The prohibition is for the payment of legal fees prior to exoneration, and not against the submission of a bill for reimbursement.
We hope this sufficiently clarifies the issue in your inquiry.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________ BARBARA B. RUTLEDGE Assistant Attorney General